No. 3743.—S. MEYER et al. *v.* M. J. SMITH & CO. et al.

In a suit by the wife against her husband for a separation of property, the allegation that "owing to the insolvency of her husband it becomes necessary for the preservation of" her acquisitions, the maintenance of herself and family, that a dissolution of the community be decreed," is deemed sufficient to admit proof that she has the ability to make acquisitions.

In a suit by the wife for a separation of property from her husband, she is a competent witness in her own behalf.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn,* J. *J. G. White,* for plaintiff and appellee. *R. A. Hunter,* for defendants and appellants.

HOWELL, J. The principal question in this case is whether plaintiff's judgment of separation of property is valid. The objection to it is that she did not specially allege in her suit against her husband that she possessed a separate industry by which she could make acquisitions and support herself and family, and hence there was no basis for the judgment. Her allegation was that, "owing to the insolvency of her husband, it becomes necessary for the preservation of her acquisitions, the education, maintenance and support of herself and family, that a

dissolution of the community, etc., be decreed." This sufficiently implies her ability to make acquisitions and support herself and family, to authorize the proof thereof. Such proof she has adduced in this suit, and we must presume it was before the judge who rendered the judgment of separation of property on the issue regularly joined between the parties in the suit for separation of property. The court a qua did not err in admitting this evidence, nor the testimony of the plaintiff, who is competent to testify in her own behalf in this controversy with the defendants. She was not testifying in favor of her husband, but in her own behalf against defendant.

The evidence in the record sustains plaintiff's right to purchase, and her ownership of the goods seized by the defendants, and also her right to recover counsel fees in this case, which we fix at two hundred dollars, and allow upon the answer to the appeal.

It is therefore ordered that so much of the judgment as rejects plaintiff's demand for damages be reversed, and that she recover of Marshall J. Smith & Co. the sum of two hundred dollars damages, and that in other respects the said judgment be affirmed with costs of appeal.